DENNIS G. MCCARTHY (Bar No. 118178)
FENTON & KELLER
A Professional Corporation
2801 Monterey-Salinas Highway
Post Office Box 791
Monterey, CA  93942
Telephone:    831-373-1241
Facsimile:    831-373-7219

Attorneys for Defendant
Language Line Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD V. CAMPAGNA, an individual, ZONIA FEREAUD, an individual, and MARTA L. NARANJO, an individual, on behalf of themselves, those similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>LANGUAGE LINE SERVICES, INC., a Delaware corporation with its principal place of business in the State of California,<br><br>Defendant. | CASE NO. C08-02488 JW RS<br><br>**ANSWER OF LANGUAGE LINE SERVICES, INC. TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**1.  FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF CAL. LAB. CODE §2802**<br><br>**2.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200** *et seq.;* **and**<br><br>**DEMAND FOR JURY** |

Defendant LANGUAGE LINE SERVICES INC., ("LANGUAGE LINE") for its Answer to the Complaint, hereby admits, denies, and alleges as follows:

**JURISDICTION AND VENUE**

1.  Responding to Paragraph 1 of Plaintiffs' Complaint, LANGUAGE LINE admits that Plaintiffs purport to bring this action pursuant to FedRCivP 23 as a putative class action; LANGUAGE LINE also admits that it is a Delaware corporation with its principal place of business and headquarters located in Monterey, California.  Except as so admitted, LANGUAGE LINE is without sufficient knowledge or information to form a belief as to the truth of the

1  remaining allegations contained in Paragraph 1, and on that basis, denies each and every
2  remaining allegation contained therein.

3      2. Responding to Paragraph 2 of Plaintiffs' Complaint, LANGUAGE LINE admits the
4  allegations contained therein.

## CLASS DEFINITION

6      3., 3.1 Responding to Paragraphs 3 and 3.1 of Plaintiffs' Complaint, LANGUAGE LINE
7  denies that, as defined, the PLAINTIFF CLASS constitutes a proper class for class action status
8  and/or for class certification.

## CLASS ALLEGATIONS

10      4.1(a)  Responding to Paragraph 4.1(a) of Plaintiffs' Complaint, LANGUAGE LINE
11  admits the allegations contained therein.

12      4.1(b)  Responding to Paragraph 4.1(b) of Plaintiffs' Complaint, LANGUAGE LINE
13  admits that plaintiff RICHARD V. CAMPAGNA was employed for LANGUAGE LINE in
14  California, but denies he was employed in Iowa or in other locales throughout the United States.

15      4.1(c)  Responding to Paragraph 4.1(c) of Plaintiffs' Complaint, LANGUAGE LINE
16  admits that plaintiff CAMPAGNA incurred telephone expenses through the course of his
17  employment. Except as so admitted, LANGUAGE LINE SERVICES is without sufficient
18  knowledge or information to form a belief as to the truth of the remaining allegations that
19  Plaintiff CAMPAGNA incurred unidentified home office expenses, computer and internet
20  expenses and office supply expenses, and on that basis denies each and every such remaining
21  allegation contained in Paragraph 4.1(c).

22      4.1(d)  Responding to Paragraph 4.1(d) of Plaintiffs' Complaint, LANGUAGE LINE
23  denies each and every allegation contained therein.

24      4.1(e)  Responding to Paragraph 4.1(e) of Plaintiffs' Complaint, LANGUAGE LINE is
25  without sufficient knowledge or information to form a belief as to the truth of the allegations of
26  said Paragraph and on that basis, denies each and every allegation contained therein.

27      4.2(a)  Responding to Paragraph 4.2(a) of Plaintiffs' Complaint, LANGUAGE LINE
28  admits the allegations contained therein.

1   4.2(b)  Responding to Paragraph 4.2(b) of Plaintiffs' Complaint, LANGUAGE LINE admits the allegations contained therein.

3   4.2(c)  Responding to Paragraph 4.2(c) of Plaintiffs' Complaint, LANGUAGE LINE admits that plaintiff ZONIA FEREAUD incurred telephone expenses through the course of her employment. Except as so admitted, LANGUAGE LINE SERVICES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations that Plaintiff FEREAUD incurred unidentified home office expenses, computer and internet expenses and office supply expenses, and on that basis denies each and every such remaining allegation contained in Paragraph 4.2(c).

10   4.2(d)  Responding to Paragraph 4.2(d) of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

12   4.2(e)  Responding to Paragraph 4.2(e) of Plaintiffs' Complaint, LANGUAGE LINE is without sufficient knowledge or information to form a belief as to the truth of the allegations of said Paragraph and on that basis, denies each and every allegation contained therein.

15   4.3(a)  Responding to Paragraph 4.3(a) of Plaintiffs' Complaint, LANGUAGE LINE admits the allegations contained therein.

17   4.3(b)  Responding to Paragraph 4.3(b) of Plaintiffs' Complaint, LANGUAGE LINE admits the allegations contained therein.

19   4.3(c)  Responding to Paragraph 4.3(c) of Plaintiffs' Complaint, LANGUAGE LINE admits that plaintiff MARTA L. NARANJO incurred telephone expenses through the course of her employment. Except as so admitted, LANGUAGE LINE SERVICES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations that Plaintiff NARANJO incurred unidentified home office expenses, computer and internet expenses and office supply expenses, and on that basis denies each and every such remaining allegation contained in Paragraph 4.3(c).

26   4.3(d)  Responding to Paragraph 4.3(d) of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

28   4.3(e)  Responding to Paragraph 4.3(e) of Plaintiffs' Complaint, LANGUAGE LINE is

1 without sufficient knowledge or information to form a belief as to the truth of the allegations of
2 said Paragraph and on that basis, denies each and every allegation contained therein.

3     5(a)   LANGUAGE LINE is currently without sufficient knowledge or information to
4 form a belief as to the truth or the allegations contained in Paragraph 5(a) and on that basis,
5 denies each and every such allegation contained therein.

6     5(b)   LANGUAGE LINE is currently without sufficient knowledge or information to
7 form a belief as to the truth or the allegations contained in Paragraph 5(b) and on that basis,
8 denies each and every such allegation contained therein.

9     5(c)   LANGUAGE LINE is currently without sufficient knowledge or information to
10 form a belief as to the truth or the allegations contained in Paragraph 5(c) and on that basis,
11 denies each and every such allegation contained therein.

12     5(d) LANGUAGE LINE is currently without sufficient knowledge or information to
13 form a belief as to the truth or the allegations contained in Paragraph 5(d) and on that basis,
14 denies each and every such allegation contained therein.

15     6(a) LANGUAGE LINE is currently without sufficient knowledge or information to form
16 a belief as to the truth or the allegations contained in Paragraph 6(a) and on that basis, denies
17 each and every such allegation contained therein.

18     6(b)   LANGUAGE LINE is currently without sufficient knowledge or information to
19 form a belief as to the truth or the allegations contained in Paragraph 6(b) and on that basis,
20 denies each and every such allegation contained therein.

21     6(c)   LANGUAGE LINE is currently without sufficient knowledge or information to
22 form a belief as to the truth or the allegations contained in Paragraph 6(c) and on that basis,
23 denies each and every such allegation contained therein.

24     6(d)   LANGUAGE LINE is currently without sufficient knowledge or information to
25 form a belief as to the truth or the allegations contained in Paragraph 6(d) and on that basis,
26 denies each and every such allegation contained therein.

27     6(e)   LANGUAGE LINE is currently without sufficient knowledge or information to
28 form a belief as to the truth or the allegations contained in Paragraph 6(e) and on that basis,

Case 5:08-cv-02488-JW   Document 7   Filed 06/09/2008   Page 5 of 11

1  denies each and every such allegation contained therein.

2  6(f)  LANGUAGE LINE is currently without sufficient knowledge or information to
3  form a belief as to the truth or the allegations contained in Paragraph 6(f) and on that basis,
4  denies each and every such allegation contained therein.

5  6(g)  LANGUAGE LINE is currently without sufficient knowledge or information to
6  form a belief as to the truth or the allegations contained in Paragraph 6(g) and on that basis,
7  denies each and every such allegation contained therein.

**DEFENDANTS**

9  7. Responding to Paragraph 7 of Plaintiffs' Complaint, LANGUAGE LINE admits the
10  allegations contained therein.

11  8. Responding to Paragraph 8 of Plaintiffs' Complaint, LANGUAGE LINE admits the
12  allegations contained therein.

13  9. Responding to Paragraph 9 of Plaintiffs' Complaint, LANGUAGE LINE admits the
14  allegations contained therein.

15  10. Responding to Paragraph 10 of Plaintiffs' Complaint, LANGUAGE LINE admits the
16  allegations contained therein.

17  11. Responding to Paragraph 11 of Plaintiffs' Complaint, LANGUAGE LINE admits
18  that its "Home Setup Requirements" as published online contain the requirements stated in the
19  first sentence of Paragraph 11 of Plaintiffs' Complaint.  LANGUAGE LINE denies that it
20  requires interpreters to have a home computer to access their work schedules.  In addition,
21  LANGUAGE LINE denies that interpreters must download work schedules.  As to the remaining
22  allegations of Paragraph 11, if any, LANGUAGE LINE is currently without sufficient
23  knowledge or information to form a belief as to the truth of the remaining allegations of
24  Paragraph 11, and on that basis denies each and every such remaining allegation contained in
25  Paragraph 11.

26  12. Responding to Paragraph 12 of Plaintiffs' Complaint, LANGUAGE LINE admits the
27  allegations contained in the first and second sentences of Paragraph 12.  LANGUAGE LINE also
28  admits that Plaintiffs generally work from their home and Plaintiffs FEREAUD and NARANJO

FENTON & KELLER
ATTORNEYS AT LAW
MONTEREY

H:\documents\jlw.0axfyii.doc            -5-

ANSWER TO COMPLAINT (No. C08-02488 JW RS)

generally did so in California, and Plaintiff CAMPAGNA from his home in Iowa. LANGUAGE LINE also admits that interpreters do work in the main office while in Monterey, and that Plaintiff CAMPAGNA did so. LANGUAGE LINE also admits that interpreters may work remotely while traveling in California or abroad. LANGUAGE LINE is currently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 12 and on that basis denies each and every such remaining allegation contained in Paragraph 12.

13. Responding to Paragraph 13 of Plaintiffs' Complaint, LANGUAGE LINE admits the factual allegations contained in subparts (i)-(vii) but does not admit to the legal conclusions contained in Paragraph 13.

**THE CONDUCT**

14. Responding to Paragraph 14 of Plaintiffs' Complaint, LANGUAGE LINE is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding whether or not a proper "class" or "class period" exists, and therefore denies all such allegations in Paragraph 14. LANGUAGE LINE also denies that plaintiffs RICHARD V. CAMPAGNA, ZONIA FEREAUD, and MARTA L. NARANJO are now employed by LANGUAGE LINE.

15. Responding to Paragraph 15 of Plaintiffs' Complaint, LANGUAGE LINE admits that interpreters are required to have a dedicated telephone line, and must have internet access. LANGUAGE LINE denies that Plaintiffs were required to use a portion of their own homes as offices to conduct interpreter services, that Plaintiffs were required to purchase various office supplies, and that Plaintiffs were required to have a home computer.

15.1 Responding to the allegations in Paragraph 15.1 of Plaintiffs' Complaint, LANGUAGE LINE admits that, until recently, it paid the actual cost of a required dedicated telephone line, but that LANGUAGE LINE now pays a flat rate of $25. As to the allegations of the second sentence of Paragraph 15.1, LANGUAGE LINE admits that it previously provided a stipend for home offices expenses, which it has discontinued. LANGUAGE LINE also admits that it does not reimburse interpreters for certain office supplies because they are not necessary and that it does not reimburse interpreters for computer use or internet access.

1    15.2  LANGUAGE LINE denies the allegations of the first sentence of Paragraph 15.2. LANGUAGE LINE admits the allegations of the second sentence of Paragraph 15.2.

15.3  LANGUAGE LINE is without sufficient knowledge or information to form a belief s to the truth of the allegations contained in Paragraph 15.3, as the phrase "these expenses" is ambiguous, and on this basis denies each and every allegation contained in Paragraph 15.3.

16.  LANGUAGE LINE is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis, denies each and every allegation contained therein.

17.  LANGUAGE LINE is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis, denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO REIMBURSE EMPLOYEES FOR BUSINESS EXPENSES**

**(Cal.Lab.Code section 2802)**

18.  LANGUAGE LINE incorporates by reference, as though fully set forth herein, its responses to the preceding paragraphs of the Complaint.

19.  Responding to Paragraph 19 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

20.  Responding to Paragraph 20 of Plaintiffs' Complaint, LANGUAGE LINE admits the allegations contained therein as to the named Plaintiffs but denies the existence of a proper CLASS of plaintiffs.

21.  LANGUAGE LINE is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies each and every allegation contained therein.

22.  Responding to Paragraph 22 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

23.  Responding to Paragraph 23 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

## FOR UNLAWFUL BUSINESS PRACTICES

24. LANGUAGE LINE realleges and incorporates by this reference, as though fully set forth herein, its responses to the preceding paragraphs of the Complaint.

25. Responding to Paragraph 26 of Plaintiffs' Complaint, LANGUAGE LINE admits the allegations contained therein.

26. Responding to Paragraph 26 of Plaintiffs' Complaint, LANGUAGE LINE admits the allegations contained therein.

27. Responding to Paragraph 27 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

28. Responding to Paragraph 28 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

29. Responding to Paragraph 29 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

30. Responding to Paragraph 30 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

31. Responding to Paragraph 31 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

32. Responding to Paragraph 32 of Plaintiffs' Complaint, LANGUAGE LINE denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each Cause of Action therein, this answering defendant alleges that plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

2. AS AND FOR A SECOND, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and plaintiffs' Cause of Action for alleged unfair business practices, this Answering Defendant alleges that its actions and conduct (which allegation is

made for the purposes of this pleading and shall not constitute an admission) were fair, justified and taken due to business necessity.

3. AS AND FOR A THIRD, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each cause of action therein, this answering defendant alleges that plaintiffs consented to the conduct alleged in the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each cause of action therein, this answering defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, estoppel, and laches.

5. AS AND FOR A FIFTH, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each cause of action therein, this answering defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

6. AS AND FOR A SIXTH, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each cause of action therein, this answering defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

7. AS AND FOR A SEVENTH, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each cause of action therein, this answering defendant alleges that plaintiffs failed to mitigate their alleged damages, if any, and to the extent of this failure to mitigate, any damages awarded to plaintiffs should be reduced accordingly.

8. AS AND FOR AN EIGHTH, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and their second cause of action therein, this answering defendant alleges that any and all conduct of which plaintiffs complain and which is attributed to defendant (which allegation is made for the purposes of this pleading and shall not constitute an admission) was a just and proper exercise of management discretion and was taken for fair and honest reasons and regulated by good faith under the circumstances then existing.

9. AS AND FOR A NINTH, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each cause of action therein, this answering defendant alleges that the claims and causes of action contained in plaintiffs' Complaint are barred by the

1  applicable statutes of limitation.

2      10.  AS AND FOR A TENTH, SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE to plaintiffs' Complaint, and each cause of action therein, this answering defendant alleges that it has substantially complied with the requirements of Labor Code section 2802.

**PRAYER**

WHEREFORE, defendant LANGUAGE LINE prays for judgment against plaintiffs as follows:

**FIRST CAUSE OF ACTION**

1. That plaintiffs take nothing by their complaint;

2. For reasonable attorneys' fees, expenses and costs.

**SECOND CAUSE OF ACTION**

3. That plaintiffs take nothing by their complaint;

4. For reasonable attorneys' fees, expenses and costs.

Dated:  June 9, 2008                    FENTON & KELLER

By:     /s/
      Dennis G. McCarthy
      Attorneys for Defendant
      Language Line Services, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to FRCivP 38(b), Defendant LANGUAGE LINE SERVICES, INC., by and through their counsel of record herein, hereby demands a Trial by Jury of the claims alleged in plaintiffs' complaint.

Dated: June 9, 2008                              FENTON & KELLER


By: _____/s/_____
        Dennis G. McCarthy
        Attorneys for Defendant
        Language Line Services, Inc.