1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD V. CAMPAGNA, ZONIA FEREAUD, and MARTA L. NARANJO et al., | CASE NO. 5:08-CV-02488-EJD |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS IN PART** |
| v. | [Re: Docket Item No. 23] |
| LANGUAGE LINE SERVICES, INC., | |
| Defendant. | |

Defendant Language Line Services, Inc. ("Language Line") moves to dismiss the case for lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted in part.

## I. BACKGROUND

Language Line provides language interpretation services over the phone from its principal place of business in Monterey, California. Compl. ¶ 7–9. Its employee interpreters live throughout the country and usually work from their homes. Id. ¶ 12. Language Line requires its interpreters to maintain a dedicated phone line, a corded telephone and headset, and at least occasional Internet access. Id. ¶ 11.

The three named plaintiffs were employed as interpreters by Language Line between 2004 and 2008. Compl. ¶¶ 4.1–4.3. Plaintiffs Zonia Fereaud and Marta L. Naranjo lived and worked from their homes in California. Id. Plaintiff Richard V. Campagna worked primarily from his home in

1

CASE NO. 5:08-CV-02488-EJD
ORDER GRANTING MOTION TO DISMISS IN PART

1   Iowa but also worked while traveling, including throughout California and at Language Line's

2   headquarters in Monterey. Id. ¶¶ 4.1, 12–13.

3       Before 2007, Language Line reimbursed its employees for the actual cost of keeping a

4   dedicated telephone line; sometime in 2007, it began reimbursing at a flat rate of $25 per month

5   regardless of the employee's actual expense. Id. ¶ 15.1. Language Line has not repaid its employees

6   for any other home office expenses since before 2004. Id.

7       The named plaintiffs filed this action on May 15, 2008, claiming violations of Cal. Labor

8   Code § 2802, which requires employers to repay employees for all "necessary expenditures," and of

9   Cal. Bus. & Prof. Code § 17200, for unlawful business practices.[1] The case is a putative class action

10  brought on behalf of all present and former Language Line interpreters who incurred expenses

11  during the performance of their duties. Compl. ¶ 3. The plaintiffs asserted federal jurisdiction

12  pursuant to the Class Action Fairness Act of 2005 ("CAFA") by bringing the action on behalf of a

13  nationwide class for an amount in excess of $5,000,000 in the aggregate. Compl. ¶ 1. Language Line

14  answered the complaint on June 9, 2008. ECF No. 7.

15      Eight months later, in March 2009, Language Line moved to dismiss the case for lack of

16  subject matter jurisdiction, arguing that since Plaintiffs' California claims do not apply to out-of-

17  state employees, any viable class must be composed of only in-state employees; the case would then

18  fall under the "local controversy" or "home-state controversy" exceptions to CAFA if it could even

19  meet the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) at all. After full briefing on

20  Language Line's motion, this court stayed the case to await the California Supreme Court's answer

21  to questions certified by the Ninth Circuit in Sullivan v. Oracle Corp., 557 F.3d 979 (9th Cir. 2009),

22  regarding the out-of-state application of California employment law. The California Supreme Court

23  published its opinion on June 30, 2011. Following supplemental briefing on the application of

24

25

26      [1] The California Unfair Competition Law ("UCL") claim (Cal. Bus. & Prof. Code § 17200) is
27  predicated on violations of Cal. Labor Code § 2802 as well as § 221, which prohibits an employer
    from "collect[ing] or receiv[ing] from an employee any part of wages theretofore paid by said
28  employer to said employee"—for example, by deducting business losses from an employee's pay.
    See Hudgins v. Neiman Marcus Group, Inc., 34 Cal. App. 4th 1109, 1118 (Cal. Ct. App. 1995).

CASE NO. 5:08-CV-02488-EJD
ORDER GRANTING MOTION TO DISMISS IN PART

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Sullivan to the case at bar, this court took Language Line's motion to dismiss under submission on

November 23, 2011.

## II. DISCUSSION

CAFA confers on federal district courts original jurisdiction over class actions where there is

minimal diversity of citizenship and the amount in controversy exceeds $5,000,000. 28 U.S.C

§ 1332(d)(2). CAFA giveth, but CAFA also taketh away: immediately after the grant of jurisdiction

in subsection (d)(2), the statute enumerates in subsections (d)(3) and (d)(4) circumstances in which a

district court "may" and "shall" decline to exercise that jurisdiction, respectively. Contained therein

is the directive that a court "shall" decline to exercise jurisdiction when two-thirds or more of the

members of the proposed class as well as the primary defendants are all citizens of the state in which

the action was filed.

Ordinarily, the party asserting federal jurisdiction bears the burden of showing that

jurisdiction is proper. See McCauley v. Ford Motor Co., 264 F.3d 952, 958 (9th Cir. 2001). But the

burden of showing the applicability of a statutory *exception* to CAFA jurisdiction is on the party

asserting the exception. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1023–24 (9th Cir. 2007).

Here a basis for subject matter jurisdiction is found on the face of the complaint.

Plaintiffs—at least one of whom, Richard Campagna, is not from California—allege that the

proposed class is composed of more than 1,000 members who have each suffered at least $500 in

injury each month over 48 months. Language Line does not challenge any of those allegations.

The burden therefore shifts to Language Line to show that subject matter jurisdiction is

lacking. Language Line argues that neither California Labor Code § 2802 nor the UCL can apply to

nonresident employees, that Plaintiff Campagna therefore lacks standing, and that any proposed

class must be made up of only California residents. A class made up of only California residents

would fall within the "home state" exception of 28 U.S.C. § 1332(d)(4).

Though Language Line's motion to dismiss is styled as a Rule 12(b)(1) motion challenging

the court's subject matter jurisdiction over the case, the thrust of the motion is the argument that

California employment law does not apply to Language Line's employees based in other states. A

resolution of that issue—which the parties have fully and ably briefed—is not truly jurisdictional; it is better viewed as a request for judgment on the pleadings. Insofar as Language Line's motion argues the inapplicability of California state law to nonresident employees, the court treats it as if brought under Rule 12(c).[2] A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion for failure to state a claim. <u>Pac. West Group, Inc. v. Real Time Solutions, Inc.</u>, 321 Fed. App'x 566, 569 (9th Cir. 2008).

To justify dismissal for lack of subject matter jurisdiction on the grounds requested by Language Line, the court would have to conclude that the facts alleged cannot support a claim on behalf of a class that would give rise to federal jurisdiction. None of Language Line's arguments is sufficiently persuasive on the facts before the court at this time to justify dismissal for want of jurisdiction. As explained below, the arguments do support dismissal without prejudice for failure to state a claim.

### A.   It Does Not Appear That the Parties Agreed That California Law Would Govern The Employment Relationship

Paragraph 13 of the complaint alleges,

. . . (vi) [Language Line's] "Code of Conduct" references the applicability of the California Labor Code as to aspects of its "at-will" employment agreement with interpreters such as [Plaintiffs], [and]
(vii) the company further references the applicability of the California Labor Code and California Civil Code in its "Separation Agreements" with interpreters, requires interpreters to agree that such Agreements be subject to and governed by California law, and requires that venue in any action concerning such Agreements be in Monterey County, California.

In its answer, Language Line admits all of the factual allegations contained in the quoted paragraph. Answer ¶ 13, ECF No. 7, June 9, 2008. Both the Code of Conduct and the Separation Agreement are attached to Language Line's motion to dismiss.[3] In opposition to Language Line's motion, Plaintiffs

---

[2] The court construes the motion as brought under Rule 12(c) even in spite of Language Line's assertion that it "has never argued that the Complaint fails to state a claim upon which relief can be granted." Reply at 2, ECF No. 26, Apr. 27, 2009. What matters is the substance of the request, not the movant's characterization of the request. Because Language Line's motion is construed as a Rule 12(c) motion, Plaintiffs' procedural objections—that the motion is untimely and does not challenge subject matter jurisdiction—are rendered moot.

[3] The documents may be considered on a Rule 12 motion because the complaint incorporates them by reference. <u>See Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).

CASE NO. 5:08-CV-02488-EJD
ORDER GRANTING MOTION TO DISMISS IN PART

**United States District Court**
For the Northern District of California

1    argue that the allegations of the complaint establish that the parties agreed that California law would

2    apply to any dispute arising out of the employment relationship.

3        Plaintiffs' argument is unsupported: there is no firm basis on which the court may conclude

4    that Cal. Labor Code § 2802 and the UCL apply to any of Language Line's out-of-state employees.

5    It appears that none of the named plaintiffs even signed the Separation Agreement. Heh Decl. ¶ 8,

6    ECF No. 23 Attachment No. 2, Mar. 25, 2009. Moreover, the Code of Conduct—if it is even a

7    contract at all—does not appear to contain any language suggesting that California law applies to the

8    employment relationship as a whole; rather, it contains one clause defining inventions reserved to

9    employees by reference to a single provision of the California Labor Code. Heh Decl. Ex. B.

10       Without more evidence about the parties' agreement, it appears that Plaintiffs will be unable

11   to show that a contractual choice-of-law clause governs this dispute. The next step is to determine

12   whether California law reaches the dispute on its own power.

13

14   **B.    California Labor Code § 2802 and the UCL Do Not Cover the Conduct Which Forms the Gravamen of the Complaint**

15       California courts have long acknowledged a general presumption against the extraterritorial

16   applications of state laws. "However far the Legislature's power may theoretically extend, we

17   presume the Legislature did not intend a statute to be operative, with respect to occurrences outside

18   the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the

19   language of the act or from it's purpose, subject matter or history." <u>Sullivan v. Oracle Corp.</u>

20   (<u>Sullivan IV</u>), 51 Cal. 4th 1191, 1207 (2011) (internal quotations omitted). This presumption is

21   applicable to all manner of wage and hour laws. <u>See</u> <u>Sarviss v. General Dynamics Info. Tech., Inc.</u>,

22   663 F. Supp. 2d 883, 897–901 (C.D. Cal. 2009).

23       <u>Sullivan IV</u> held that the California Labor Code's overtime provisions cover nonresident

24   employees who work *in* California for a California-based employer. Other cases consider different

25   permutations of these facts. <u>See</u> <u>Sarviss</u>, 663 F. Supp. 2d at 899–901 (holding Industrial Welfare

26   Commission (IWC) wage orders inapplicable to a California resident who performed most of his

27   work outside California); <u>Priyanto v. M/S Amsterdam</u>, 2009 WL 175739, at *7 (C.D. Cal. Jan. 23,

28   2009) ("California has little or no interest in applying its wage laws to nonresidents who perform

5

United States District Court

For the Northern District of California

1  work outside of California."). None of the cases read California wage and hour laws to cover out-of-

2  state work performed by nonresidents who primarily work outside California.

3      Nothing suggests that Labor Code § 2802 has any greater or lesser extraterritorial influence

4  than the overtime provisions at issue in Sullivan IV or the IWC wage order considered in Sarviss.

5  Each law exists to ensure Californians are fairly compensated for their work. Requiring an employer

6  to indemnify nonresidents who work from their homes outside California for home office expenses

7  is not within the scope of § 2802.

8      Section 2802 might apply, however, to necessary expenses that a nonresident employee

9  incurs during periods of work performed in California. The complaint hints at but does not expressly

10  claim such expenses: it notes, for example, that Plaintiff Campagna periodically worked from the

11  company's Monterey headquarters but does not identify any particular necessary expenses

12  connected with that trip. Compl. ¶ 13. Any necessary expenses associated with such a visit might fall

13  within the ambit of the statute. Resolving such a question would depend on analysis of specific

14  facts—facts which are not before the court at this time. But the possibility of maintaining an action

15  for indemnification of California-related expenditures on behalf a CAFA-compliant class, however

16  remote, leads the court away from dismissing the action with prejudice for lack of subject matter

17  jurisdiction.

18      Finding no contrary legislative indication, the California Supreme Court held in Sullivan IV

19  that the presumption against extraterritoriality also applies "in full force" to the UCL. Id. Hence, the

20  UCL claim survives only to the extent it is based on permissible applications of §§ 221 or 2802.

21  There is no reason to believe § 221 has any greater or lesser extraterritorial effect than § 2802, so the

22  UCL claim as pleaded reaches no more conduct than the § 2802 claim.

23

24                          **III. ORDER**

25      Good cause therefor appearing, IT IS HEREBY ORDERED that Language Line's Motion to

26  Dismiss (ECF No. 23) is GRANTED WITH LEAVE TO AMEND as to all claims by out-of-state

27  employees (including Richard Campagna) and DENIED WITHOUT PREJUDICE in all other

28  respects. IT IS FURTHER ORDERED that Plaintiffs shall file an amended complaint consistent

with this Order on or before May 16, 2012. The June 1, 2012 Case Management Conference remains

on calendar.

**IT IS SO ORDERED.**


Dated:  May 2, 2012                                   _____
                                                      EDWARD J. DAVILA
                                                      United States District Judge

**United States District Court**
For the Northern District of California

7

CASE NO. 5:08-CV-02488-EJD
ORDER GRANTING MOTION TO DISMISS IN PART